IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| ANDREA HOUSER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL ACTION NO. _____ |
| CASTLE MONTESSORI SCHOOLS INC., | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Andrea Houser files this, her Original Complaint, against Defendant Castle Montessori Schools, Inc., for violating state and federal law. The causes of action and summary of claims relating thereto are addressed below:

### I. PARTIES, JURISDICTION AND VENUE

1. Plaintiff Andrea Houser ("Plaintiff" or "Houser") is currently a citizen and resident of Texas.

2. Defendant Castle Montessori Schools, Inc, ("Defendant" or "Castle Montessori"), is a Texas corporation, authorized to and is doing business in the State of Texas. Defendant's principle office is located in Collin County, Texas. Plaintiff worked at Defendant's Plano location. Defendant can been served through its registered agent, Vikas Patel, located at 3104 New Britton Drive, Plano, Texas 75093.

3. The court has jurisdiction to hear the merits of Plaintiff's claims under 28 U.S.C. §1331 & §1343. Venue exists in this district and division as detailed in 28 U.S.C. §1391.

4. On or about August 21, 2017, Plaintiff filed a "Charge of Discrimination" with the Texas Workforce Commission – Civil Rights Division, and the Equal Employment Opportunity Commission, alleging disability discrimination and retaliation. Plaintiff received a

Notice of Right to Sue from the EEOC dated March 9, 2018. This action is being commenced within the required time limits of the Americans with Disabilities Act ("ADA"), 42 U.S. C. § § 12101, as (a) the Charge of Discrimination was filed within 300 days of the discrimination/termination/retaliation, and (b) this lawsuit is being filed within 90 days of the Notice of Right to Sue being issued by the EEOC.  This action is also being commenced within the required time limits of the Texas Commission on Human Rights Act ("TCHRA"), TEX. LAB. CODE. §§ 21.001 *et. seq.,* in that (a) the Charge was filed with the TWC within 180 days of the actions being complained about in this suit, (b) this lawsuit was filed after waiting more than 180 days from the date the Charge was filed with the TWC, and (c) this lawsuit was filed within two (2) years of the date the Charge was filed with the TWC.

## II. FACTUAL BACKGROUND

5. Houser was employed by Castle Montessori for approximately eight (8) years as a teacher.

6. Houser has a disability caused by complications related to lupus and diabetes, which restricts her ability to lift and stand for long periods of time.  These medical restrictions have been in place since 2015.

7. In July of 2017, Houser was contacted by the head of Castle Montessori and asked to provide more information related to her medical restrictions and disability.  Thereafter, Houser provided some medical information from her doctor.  Without discussing the medical restrictions with Houser in any detail, Castle Montessori terminated Houser.  During the termination meeting the head of Castle Montessori stated to Houser, "I do not feel I can meet your doctor's restriction requirements."

8. Houser tried to talk to Castle Montessori in more detail about the medical restrictions and potential accommodations to work out a solution – with her doctor's

___
**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                                               **PAGE 2**

involvement – that would be beneficial to all parties.  However, Castle Montessori refused to engage in any further discussions on the matter.  Castle Montessori engaged in no interactive process to work through Houser's medical restrictions or to even involve Houser's doctor to determine if a reasonable accommodation could be found.

9. Houser performed this Castle Montessori teacher job for years, and she was fully capable of doing it if given a regular teacher's schedule; however, Castle Montessori terminated her without even considering any potential reasonable accommodation or option.  Had Castle Montessori properly engaged in the interactive process and provided reasonable accommodations, Houser could have continued to perform her job.

10. Houser was subject to illegal discrimination and retaliation in violation of the ADA and TCHRA and in that Castle Montessori (a) discriminated against Houser because of her disability, and (b) failed to accommodate her disabilities – or even engage in the interactive process to seek an adequate accommodation for her disabilities – as required by these laws.

### III.   CAUSE OF ACTION:  VIOLATION OF TEXAS COMMISSION ON HUMAN RIGHTS ACT AND AMERICANS WITH DISABILITIES ACT

11. Plaintiff re-alleges and incorporates the allegations contained in Paragraphs 1 through 10 as if fully stated herein.

12. Plaintiff has satisfied all jurisdictional prerequisites in connection with her claim under the ADA and TCHRA.

13. Defendant is an "employer" as defined by the TCHRA and ADA, and Defendant employs more than 15 persons.

14. When Plaintiff worked for Defendant, she was an "employee" as defined by the TCHRA and ADA.

15. Plaintiff is a qualified individual person with a disability as defined by the TCHRA and ADA.

16. Defendant discriminated against Plaintiff, and subsequently discharged her, as result of her disability, record of said disability, and/or because it regarded her as disabled. Defendant also failed to accommodate Plaintiff's disability, or engage in the interactive process as required by the TCHRA and ADA.  Because of her medical conditions, Plaintiff has physical impairments that affect major life activities. In spite of Plaintiff's impairment, Plaintiff was still qualified to perform the essential functions of her job, with or without reasonable accommodations.

17. As a result of Defendant's discriminatory actions in violation of the TCHRA and ADA, Plaintiff has suffered actual damages in the form of lost wages and benefits (past and future), as well as emotional pain, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.  As a result of these willful violations of the law, Plaintiff requests that she be awarded all compensatory and punitive damages, to which she is entitled, as outlined in the TCHRA and ADA, as well as all equitable relief, and attorney fees and costs.

## IV. PRAYER FOR RELIEF

Wherefore, Plaintiff requests that Defendant be cited to appear and answer, and that on final trial, Plaintiff have judgment against Defendant as follows:

a. Judgment against Defendant for actual damages, including lost wages and benefits (both past and future), the sum to be determined at time of trial;

b. Judgment against Defendant for compensatory damages in the maximum amount allowed by law, (including mental anguish and loss of enjoyment of life);

c. Judgment against Defendant for punitive damages in the maximum amount allowed under law;

_____
**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                    **PAGE 4**

    d.       An order that Defendant take such other and further actions as may be necessary to redress its violation of the law, (including possibly injunctive relief, reinstatement or front pay);

    e.       Pre-judgment and post-judgment interest at the maximum amount allowed by law;

    f.       Costs of suit, including attorneys' fees;

    g.       The award of such other and further relief, both at law and in equity, to which Plaintiff may be justly entitled under the ADA and TCHRA.

## V. JURY DEMAND

Plaintiff requests a trial by jury on all claims.

Respectfully submitted by:

*/s/ Robert (Bobby) Lee*
Robert (Bobby) Lee
State Bar No. 00787888
lee@l-b-law.com
Meagan Whitley
State Bar No. 24088629
whitley@l-b-law.com
Megan Dixon
State Bar No. 24079901
dixon@l-b-law.com
**LEE & BRAZIEL, LLP**
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202
Tel:  (214) 749-1400
Fax:  (214) 749-1010

**ATTORNEYS FOR PLAINTIFF**