# United States District Court
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| **ANDREA HOUSER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Case No. 4:18-cv-00241-ALM-KPJ** |
| | § | |
| **CASTLE MONTESSORI SCHOOLS, INC.,** | § | |
| | § | |
| **Defendant.** | § | |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report of the United States Magistrate Judge in this action, this matter having been referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On May 2, 2019, the Report and Recommendation of the Magistrate Judge was entered (the "Report") (s*ee* Dkt. #27) recommending Defendant Castle Montessori Schools, Inc.'s ("Defendant") Motion for Partial Summary Judgment (Dkt. #19) be denied. *See* Dkt. #27 at 9.

Defendant filed objections to the Report (the "Objections," Dkt. #28) and Plaintiff filed a Response (Dkt. #30). The Court has made a *de novo* review of the Objections and is of the opinion that the findings and conclusions of the Magistrate Judge are correct and the Objections are without merit as to the ultimate findings of the Magistrate Judge. The Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court.

## I. BACKGROUND

This case arises out of Defendant's termination of Plaintiff Andrea Houser. Plaintiff was employed by Defendant, first as a preschool teacher and later in a housekeeping/kitchen role. *See* Dkt. #1 at 2; Dkt. #19-1 at 3; Dkt. #25 at 1;

Dkt. #25-2 at 15, 19. Plaintiff alleges that after she was asked by Defendant to provide information related to her medical restrictions and disability, she provided said information, and was subsequently terminated. *See* Dkt. #25 at 1; Dkt. #25-2 at 15, 19. Plaintiff further alleges she was terminated on the basis of her disability and that Defendant refused to determine if a reasonable accommodation could be found. *See* Dkt. #25 at 1–3. Defendant moved for summary judgment on the issues of: (1) whether Plaintiff's claim for back pay should be limited due to an offer of reinstatement extended by Defendant; and (2) whether Plaintiff's claims for back pay, front pay, and reinstatement should be dismissed because Plaintiff has not applied for any teaching jobs since her termination. *See* Dkt. #19.

## II. DISCUSSION

### Reinstatement Offer

The Magistrate Judge found a question of fact regarding whether either a substantive reinstatement offer was tendered or Plaintiff acted unreasonably in rejecting the reinstatement offer. *See* Dkt. #27 at 6–7. Defendant argues that the Court should find Plaintiff unreasonably rejected an unconditional reinstatement offer as a matter of law. *See* Dkt. #28.

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Hunt v. Cromartie*, 526 U.S. 541, 549 (1999). The appropriate inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986).

"If a defendant establishes that it made an unconditional offer for a substantially similar position, then the plaintiff must present evidence that the refusal was reasonable." *See Mahoney v. Ernst & Young LLP*, 487 F. Supp. 2d 780, 785–86 (S.D. Tex. 2006) (citing *Ford Motor Co v. E.E.O.C.*, 458 U.S. 219, 241 (1982); *Smith v. World Ins. Co.*, 38 F.3d 1456, 1465 (8th Cir. 1994)). Courts consider whether the totality of the circumstances would have allowed the jury to reach the conclusion that it was objectively reasonable to reject an offer. *See id*. (noting that courts have considered the length of time between termination and offers of reinstatement).

In reviewing the evidence, the Court finds there is evidence from which a reasonable juror could find that Plaintiff acted reasonably in denying Defendant's offer of reinstatement. The offer was made "more than one and [a] half years after [Plaintiff's] termination[,]"Plaintiff alleges that her experience "left a lasting, negative impact on [Plaintiff's] life," which has impacted her "disabilities and ability to work as a teacher," and Plaintiff believes that if she were to be reinstated, her former supervisor, Varsha Patel ("Patel"), would continue to bully and discriminate against her. *See* Dkt. #24 at 6–7; Dkt. #19-1 at 1–18. Defendant argues that the Court should disregard the proffered reasons as "conclusory." *See* Dkt. #28. However, considering the totality of the circumstances, it is possible a jury could find that it was objectively reasonable for Plaintiff to reject Defendant's offer. Accordingly, the Court finds no error in the Magistrate Judge's determination and this objection is **OVERRULED**.

**Mitigation of Damages**

Defendant argues the Magistrate Judge erred in finding a fact question regarding whether Plaintiff failed to mitigate damages. *See* Dkt. #28 at 5. A plaintiff suing for back pay under the Americans with Disabilities Act has a duty to mitigate her damages with reasonable diligence to obtain substantially equivalent employment. *Migas v. Pearle Vision, Inc.*, 135 F.3d

1041, 1045 (5th Cir. 1998). The "employer has the burden of proving failure to mitigate." *Palasota v. Haggar Clothing, Co.*, 499 F.3d 474, 486 (5th Cir. 2007). Defendant can meet this burden by demonstrating: (1) substantially equivalent work was available, and (2) Plaintiff did not exercise reasonable diligence to obtain this work. *Sellers v. Delgado Coll*, 902 F.2d 1189, 1193 (5th Cir. 1990) (citation omitted).

There is evidence Plaintiff applied, and was interviewed, for jobs, but that none of the jobs for which Plaintiff applied were in Montessori education. *See* Dkt. #19 at 1–3; Dkt. #19-1 at 4. However, at the time of Plaintiff's termination, Plaintiff was employed in a housekeeping and kitchen role, rather than as a teacher for Defendant. *See* Dkt. #25 at 1; Dkt. #25-2 at 15, 19; Dkt. #25-4 at 39. Defendant submitted evidence that for the period between six days and "over one month ago" prior to the drafting of Patel's declaration in January of 2019, there were jobs available in Montessori education. *See* Dkt. #19-4; Dkt. #19-5. Moreover, there are limited facts regarding the nature of the jobs for which Plaintiff applied.

Defendant bears the burden to prove Plaintiff failed to mitigate damages. *See Sellers*, 902 F.2d at 1193. The Court cannot say that Defendant meets its burden as a matter of law to establish both that substantially equivalent work was available and that Plaintiff did not exercise reasonable diligence to obtain this work. Upon review, the Court finds no error in the Magistrate Judge's Report. Accordingly, this objection is **OVERRULED**.

## III. CONCLUSION

Upon review, the Objections (Dkt. #28) are **OVERRULED**.

Defendant's Motion for Partial Summary Judgment (Dkt. #19) is hereby **DENIED**. This case shall proceed to trial.

**IT IS SO ORDERED**.

**SIGNED this 30th day of May, 2019.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE